**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MICHAEL NICHOLSON, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| KLS FINANCIAL SERVICES, INC., | CASE NO. 1:21-cv-01516 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff MICHAEL NICHOLSON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of KLS FINANCIAL SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Indiana.

### PARTIES

4.     Plaintiff is a disabled consumer over 18-years-of-age residing in Madison County, Indiana, which is located within the Southern District of Indiana.

5.     Defendant is a third-party debt collector organized under the laws of the state of North Carolina, with its principal place of business located at 991 Aviation Parkway, Suite 500, Morrisville, North Carolina 27560. Defendant regularly collects upon consumers residing within the State of Indiana.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.     In early 2021, Plaintiff was looking to improve his credit so he reviewed his TransUnion credit report and discovered an entry bearing Defendant's name, which was reporting in an active collection status a delinquent consumer debt originally incurred to *Whirlpool Kitchenaid* ("subject debt"), as seen below:

| KLS FINANCIAL SERVICES, INC # ▮▮▮▮▮▮▮ | | | | | |
|---|---|---|---|---|---|
| 991 AVIATION PKWY SUITE 500 MORRISVILLE, NC 27560 (855) 392-2822 | | | | | |
| **Placed for collection:** | 10/29/2015 | **Balance:** | $239 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 04/20/2021 | | |
| **Account Type:** | Open Account | **Original Amount:** | $239 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | WHIRLPOOL KITCHENAID | | |
| | | **Past Due:** | >$239< | | |
| **Remarks:** >PLACED FOR COLLECTION< | | | | | |
| Estimated month and year that this item will be removed: 01/2022 | | | | | |

8.     Plaintiff did not recall owing *Whirlpool Kitchenaid* $239.00, so he contacted Defendant via telephone to ascertain additional information concerning the subject debt appearing on his credit report.

9.    During this phone call, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject debt.

10.    Plaintiff advised Defendant's representative that he was confused about the reporting of the subject debt, however, rather than alleviating Plaintiff's concerns, Defendant's representative pressured Plaintiff into making payment, even offering Plaintiff payment plans.

11.    Yet, Plaintiff's TransUnion credit report reflected that the subject debt would remain on Plaintiff's credit record through January 2022. *Id.* Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency, the subject debt fell into delinquency beginning in or around January 2015. *See* 15 U.S.C. § 1681c.

12.    The applicable Indiana statute of limitations for the subject debt states, in relevant part:

> An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues.   *See* I.C. § 34-11-2-9.

13.    Accordingly, given the applicable six (6) year Indiana statute of limitations and the fact that the subject debt fell into delinquency beginning in or around January 2015, as of April 2021, the date in which Plaintiff spoke with Defendant, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

14.    Despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue him to collect it.

15.    In addition, despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to

Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Rather, Defendant attempted to extract payment from Plaintiff.

16.      After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

17.      Plaintiff was misled by Defendant's statements, representations and/or omissions directed to him during his conversation with one of its representatives.

18.      Defendant's conduct carried with it an appreciable risk of harm – namely, that Plaintiff would be subjected to legal liability if he made even just a promise to pay the subject debt.

19.      Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

20.      Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

21.      Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22.      Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

23.     Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25.     Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26.     Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."  Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2019.[1]

27.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.   **Violations of the FDCPA § 1692e**

28.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29.     In addition, this section enumerates specific violations, such as:

     (2) The false representation of -- (A) the character, amount, or legal
     status of any debt;

---

[1] http://www.acainternational.org/search#memberdirectory

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

30.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff during its conversation with him by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

31.     Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

32.     Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that he would waive his rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

33.     Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to him during his conversation with its representative, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

34.     As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

35.    Defendant had an obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

**b. Violations of FDCPA § 1692f**

36.    The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37.    Defendant violated § 1692f through its unfair efforts to collect upon the subject debt.  Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue him to collect.  Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause him unwarranted financial harm by restarting the applicable statute of limitations.

38.    As set forth in paragraphs 17 through 22, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, MICHAEL NICHOLSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 4th day of June, 2021.                    Respectfully Submitted,

_/s/ Taxiarchis Hatzidimitriadis_
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com
david@consumerlawpartners.com

_Counsel for Plaintiff, Michael Nicholson_